```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


MICHAEL ANDERSON,             )
                              )
          Plaintiff           )
                              )
     v.                       )    Case No. 2:07 cv 169
                              )
LaSALLE STEEL COMPANY,        )
                              )
          Defendant           )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 15] filed by the defendant, LaSalle Steel Company, on April 30, 2008; the Counter Motion for Summary Judgment [DE 23] filed by the plaintiff, Michael Anderson, on July 14, 2008; the Motion to Strike Anderson Affidavit [DE 26] filed by LaSalle Steel on July 29, 2008; and the Motion to Strike Plaintif's [sic] Counter Motion for Summary Judgment and Supporting Designation of Evidence [DE 27] filed by LaSalle Steel on July 29, 2008.  For the following reasons, the Motion to Strike Anderson Affidavit [DE 26] is **GRANTED**; the Motion for Summary Judgment [DE 15] is **GRANTED**; the Motion to Strike Plaintif's [sic] Counter Motion for Summary Judgment and Supporting Designation of Evidence [DE 27] is **GRANTED**; and the Counter Motion for Summary Judgment [DE 23] and its supporting designation of evidence are **STRICKEN.**

## Background

Michael Anderson is a former hourly employee of LaSalle Steel Company.  Anderson was born on December 29, 1958.  He began

work for LaSalle on April 18, 1977.  As an employee of LaSalle, Anderson was subject to the Pension Plan for Hourly Employees of LaSalle Steel Company.  Anderson participated in an economic strike on LaSalle in May 1998.  Negotiations between the Progressive Steelworkers of Hammond, Inc. ("Union") and LaSalle resulted in a July 19, 1998, Union vote to terminate the strike and enter into a collective bargaining agreement.  Anderson, however, never was called back to work but was one of the employees whose job had been filled by a permanent replacement worker during the strike.  Because of this, Anderson was assigned the status of a layoff employee in mid-July 1998.

    The vote to end the strike ultimately led to the drafting of a new collective bargaining agreement dated March 23, 1999.  Part of this agreement included a Strike Settlement Agreement also dated March 23, 1999, which allowed employees in the collective bargaining unit who were eligible for a 30-year retirement through the end of 2001 to retire with full benefits.  Anderson was not one of these employees.  The Union and LaSalle also negotiated an agreement to allow certain employees of the collective bargaining unit to retire under the Rule of 65 of the Plan.  These employees were eligible if their accrued years of service added to their ages at the time their employment ended was equal or greater than 65, allowing the accrual of two years service time after layoff as was the practice under the previous agreement.  Anderson was not one of these employees.  The new agreement changed the allowable accrual of years of service for time

after layoff from two years to just one.  Anderson was not recalled to work at LaSalle after the new agreement was accepted, and he received several letters regarding his pension and benefits options which delineated his termination date pursuant to the new agreement as August 1, 1999.  This was one year after the July 19, 1998, vote end to the strike, when Anderson's classification of layoff status began to run.

Anderson and a group of his former co-workers filed suit in federal court under Case Number 3:01-cv-366, alleging that LaSalle and the Union violated their legal rights by not recalling them to work.  Included as Count VIII of that action was a claim for pension benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").  The district court granted LaSalle and the Union summary judgment dismissing all federal claims, including the ERISA claim.  *See* Case No. 3:01-cv-366, slip op. at 13-15 (N.D. Ind. September 16, 2004).  This grant of summary judgment was affirmed by the Seventh Circuit.  However, the appellate court noted that the district court never reached the merits on Anderson's ERISA claim, yet summary judgment was proper because Anderson had failed to exhaust his administrative remedies.  *See **Anderson v. LaSalle Steel Co.***, 129 Fed.Appx. 311, 313, 2005 WL 774375, **2 (7th Cir. 2005).

After the Seventh Circuit's decision, Anderson sought review of his pension eligibility from the LaSalle Pension Plan ("Plan").  The Pension Committee of the Plan advised Anderson that he was not eligible for pension benefits under the March 23,

3

1999, Settlement Agreement because he did not meet the eligibility requirements for a thirty (30) year pension. Anderson appealed this decision, and appeared before the Committee on August 25, 2005. The prior decision was affirmed, and Anderson was advised that he had exhausted his administrative remedies under the Plan. Anderson filed this civil action in Lake Superior Court, which was removed to federal court. He claims that he is entitled to pension benefits under the Plan's Rule of 65.

LaSalle filed its Motion for Summary Judgment on April 30, 2008. Anderson filed his response on July 14, 2008, and simultaneously filed his Counter Motion for Summary Judgment. LaSalle responded with two motions to strike: the first to strike the Affidavit of Michael Anderson; the second to strike Anderson's Counter Motion for Summary Judgment which was filed two-and-a-half months after the dispositive motion deadline set by the court.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986); *Williams v. Excel Foundry & Machine, Inc.*, 489 F.3d 309, 310 (7th Cir. 2007); *Treadwell v. Office of the Illinois Secretary of State*, 455 F.3d 778, 781 (7th Cir. 2006); *Branham v. Snow*, 392 F.3d 896, 901 (7th Cir. 2004). The burden is upon the

4

moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. ***Adickes v. S.H. Kress & Company***, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); ***Lawrence v. Kenosha County***, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); ***Ballance v. City of Springfield, Illinois Police Department***, 424 F.3d 614, 616 (7th Cir. 2005); ***Hottenroth v. Village of Slinger***, 388 F.3d 1015, 1027 (7th Cir. 2004); ***Palmer v. Marion County***, 327 F.3d 588, 592 (7th Cir. 2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. ***Spiegula v. Hull***, 371 F.3d 928, 935 (7th Cir. 2004); ***Hines v. British Steel Corporation***, 907 F.2d 726, 728 (7th Cir. 1990). Finally, summary judgment "will not be defeated simply because motive or intent are involved." ***Roger v. Yellow Freight Systems, Inc.***, 21 F.3d 146, 148 (7th Cir. 1994). See also ***Miller v. Borden, Inc.***, 168 F.3d 308, 312 (7th Cir. 1999); ***Plair v E.J. Brach & Sons, Inc.***, 105 F.3d 343, 346 (7th Cir. 1997); ***United Association of Black Landscapers v. City of Milwaukee***, 916 F.2d 1261, 1268 (7th Cir. 1990)(stating same).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury

5

might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

See also ***Scott v. Harris***, 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); ***Celotex Corp.***, 477 U.S. at 322-23, 106 S.Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc.***, 327 F.3d 569, 573 (7th Cir. 2003).

At the outset, LaSalle's Motion to Strike Anderson Affidavit must be addressed. To support a claim that has been challenged on summary judgment, an affidavit may not be based upon "self-serving statements . . . without factual support in the record." ***Thanongsinh v. Board of Education***, 462 F.3d 762, 781 (7th Cir.

2006)(*quoting* ***Butts v. Aurora Health Care, Inc.***, 387 F.3d 921, 925 (7th Cir. 2004)). Rather, Rule 56(e) requires that an affidavit must be "made on personal knowledge [and] set forth facts as would be admissible in evidence." This rule further provides that an affidavit offered in opposition to a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." ***Drake v. Minnesota Mining and Manufacturing Company***, 134 F.3d 878, 886 (7th Cir. 1998)(*quoting* ***Hadley v. County of DuPage***, 715 F.2d 1238, 1243 (7th Cir. 1983)("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.").

In addition, a party resisting summary judgment may not "patch-up potentially damaging deposition testimony with a contradictory affidavit." ***Commercial Underwriters Insurance Company v. Aires Environmental Services, Ltd.***, 259 F.3d 792, 799 (7th Cir. 2001). *See also* ***Buckner v. Sam's Club, Inc.***, 75 F.3d 290, 292 (7th Cir. 1996)("T]he law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict deposition or sworn testimony.").

The disputed portion of Anderson's affidavit asserts simply: "My continuous service at LaSalle Steel Co. was not broken until July 26, 2001." (Pltf. Ex. 2) LaSalle has offered over 50 prior statements either made by Anderson or revealed in communications with Anderson that contradict this contention. Anderson's

counter-argument that the disparity with all previous testimony "are easily attributable to a layman's understanding of terms" is unconvincing.  The avowal that Anderson has come to a new-found understanding of the term "continuous service" which allows him to adjust the mathematics in a way to receive the Rule of 65 benefits is disingenuous.  Indeed, Anderson's response to this motion to strike argues that the court should not strike the affidavit without offering Anderson "the opportunity to explain a discrepancy."  The response *was* Anderson's opportunity to explain, and his explanation is inadequate.  Anderson's affidavit is a perfect example of the type of contradictory affidavit offered to patch up damaging sworn testimony in order to survive summary judgment, and LaSalle's Motion to Strike Anderson Affidavit is **GRANTED**.  The affidavit and all references to it will not enter the court's analysis of summary judgment.

Anderson proffers two genuine issues which he claims merit denial of LaSalle's motion for summary judgment in his six-page response.  First, he contends that his termination of employment occurred almost two years later than the date used in the Plan Administration's calculations.  Second, he argues that the denial of benefits was arbitrary and capricious.[1]  The first assertion is quickly settled.  The new agreement following the strike

---

[1] In making the argument that the denial was arbitrary and capricious, it is clear that there is no dispute over the standard in review of the Plan's discretionary determination that Anderson did not meet the Rule of 65.  In addition, the court will limit this analysis to the limited arguments made by Anderson in his six-page Response to Defendant's Motion for Summary Judgment. Mirroring the plaintiff's own argument, it seems unfair for the court to put more time into this summary judgment than counsel himself invested.

settlement changed the accrual of service time from two years to only one following an employee's layoff. All documents and testimony from both the previous litigation as well as this cause of action verify this fact. Anderson's prior depositions reveal that he, too, has been informed that the new agreement included this change in accrual of time, making August 1, 1999, the date of his termination. Because all evidence sets August 1, 1999, as the date which Anderson's time as a LaSalle employee ended, there is no dispute over this fact. Anderson's age on this end date was 40 years, seven months, and three days; Anderson's undisputed accrual of service was 22.283 years; the sum of these numbers is less than 65. Thus, he simply does not meet the eligibility requirements for the Rule of 65.

Anderson argues that the denial of benefits under the Plan was arbitrary and capricious because the evidence provided to the Plan administrators was limited to "the pension plan itself, the settlement agreement of March 23, 1999, Plaintiff's age, and Plaintiff's length of service." (Pltf. Resp. p. 3) Again, Anderson contends that although the Plan, the agreement, and his age are uncontested, the length of service is in dispute. This is not so. In fact, Anderson himself appeared at the hearing which constituted his final administrative review and had the opportunity to argue his termination date, but apparently did not, and subsequently gave sworn testimony to that effect in the prior lawsuit. Anderson's argument that because "the Plan Administrator's decision is limited to the record that was before

9

the administrative committee when they were making the decision to deny benefits," which was *before* Anderson testified repeatedly that his termination date was August 1, 1999, makes no sense. The administrators of the Plan were capable of reading the settlement agreement, determining that Anderson's termination date was one year after the strike ended and Anderson's layoff status began, and adding together his age and years of service. Nothing about this determination is arbitrary or capricious.

Similarly, Anderson argues that a co-worker, Michael Bailey, who was born earlier in the same year as Anderson and began work for LaSalle only five months before Anderson, received his pension under the Rule of 65, while Anderson did not, and that such a result where "one is granted the pension and the other is denied with no extenuating circumstance . . . seems to be de facto arbitrary and capricious." (Pltf. Resp. p. 5) However, Bailey's circumstances were different. Bailey was one of the employees granted eligibility to retire per the negotiated agreement offered to certain employees of the collective bargaining unit. Anderson was not one of these employees. Although the mere 11 month difference in their ages plus service may seem unfair to a layperson, the difference has a legal significance. Bailey received his benefits as part of the negotiated agreement between the Union and LaSalle, and this has no bearing on whether Anderson met the Rule of 65. He does not, and the Plan's denial of benefits to Anderson while allowing benefits for Bailey was

not arbitrary and capricious.

LaSalle also contends that only the Plan may be held liable for a wrongful denial of benefits. The Seventh Circuit has addressed this issue squarely. In *Mote v. Aetna Life Insurance Co.*, 502 F.3d 601, 610-11 (7th Cir. 2007), the court reviewed the limited circumstances upon which a plan participant can seek redress for denied benefits from anyone other than the Plan. In limited circumstances where the employer and the Plan itself are named interchangeably in Plan documents, benefits may be sought from both the Plan and the Plan administrator/employer. *Mote*, 502 F.3d at 611. *See also* *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864 (7th Cir. 2001) ("We continually have noted that ERISA permits suits to recover benefits only against the Plan as an entity." (*citing* *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996)); *Mein v. Carus Corporation*, 241 F.3d 581 (7th Cir. 2001) (discussing proper defendants in ERISA suits seeking benefits).

Anderson counters this argument with bald assertions that the Plan is an agreement between the employees and the employer and by stating that Federal Rule of Civil Procedure 17 "states that a case should not be dismissed on that ground without giving the other side time to amend the pleadings." (Pltf. Resp. p. 5) Although Anderson is correct, the time for dismissal of the case and for the implications of a Rule 17 grant of amendment has long passed. LaSalle is not a proper party to this cause of action;

the Plan should be the named defendant.

For all of the reasons above, LaSalle's Motion for Summary Judgment is **GRANTED.**

Finally, the untimely filing of Anderson's Motion for Summary Judgment must be addressed. LaSalle argues that the two-and-a-half month delay following the dispositive motion deadline renders the motion untimely. Anderson contends that the court in its discretion should allow such tardiness in this instance based on the "excusable neglect" of Anderson's counsel in his mistaken view of a "counter" motion as an allowable response to LaSalle's timely dispositive motion and that his motion should be considered "in the interest of judicial economy and efficiency."

Federal Rule of Civil Procedure 6(b) states that the court "for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit [an] act to be done where the failure to act was the result of excusable neglect."  A plain reading of the Rule reveals Anderson's error:  he never requested the court's permission by motion after the passing of the dispositive motion deadline.

Even if the court were to construe Anderson's Response to Defendant's Motion to Strike Plaintiff's Counter Motion for Summary Judgment as a motion requesting an extension of time, counsel must meet the standard for excusable neglect, a two-pronged inquiry:

> First, the moving party must demonstrate that

> his failure to meet the deadline was because
> of neglect. Neglect exists where the failure
> to meet a deadline was because of a simple,
> faultless omission to act, or because of
> carelessness. Second the moving party must
> establish that his failure to act was excus-
> able. Whether a case of neglect was excus-
> able is an equitable determination that must
> take into account all relevant circumstances
> surrounding the party's failure to act, in-
> cluding the danger of prejudice to the non-
> moving party, the length of the delay and its
> impact on judicial proceedings, the reason
> for the delay, including whether it was with-
> in the reasonable control of the movant, and
> whether the movant acted in good faith.
>
> ***Zingerman v. Freeman Decorating Co.***, 99
> Fed.Appx 70, at 72 (7th Cir. 2004)(*citing* and
> *quoting* ***Pioneer Inv. Servs. Co. v. Brunswick
> Assoc. Ltd. P'ship***, 507 U.S. 380, 388, 113
> S.Ct. 1489, 123 L.Ed.2d 74 (1993))

*See also* ***Jovanovic v. In-Sink-Erator Division of Emerson Electric Co.***, 201 F.3d 894 (7th Cir. 2000)(applying ***Pioneer*** factors and finding failure to timely file motion requesting extension did not meet standard for excusable neglect). "Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigation." ***Easley v. Kirmsee***, 382 F.3d 693, 698 (7th Cir. 2004)(*citing* ***Castro v. Bd. of Educ.***, 214 F.3d 932, 934 (7th Cir. 2000); ***Robb v. Norfolk & W. Ry. Co.***, 122 F.3d 354, 359-60 (7th Cir. 1997)(internal quotes and cites omitted). *See also* ***In re Plunkett***, 82 F.3d 738, 742 (7th Cir. 1996)("Missing a deadline because of slumber is fatal."). An attorney hanging his hat on excusable neglect must make a

showing or argument convincing the court of his good faith failure to meet a deadline. *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003).

Counsel for Anderson appears to argue either that he did not understand the meaning of a dispositive motion deadline or he did not comprehend that his own motion for summary judgment fit the definition of a dispositive motion. This failure to meet the dispositive deadline appears more ignorance than neglect. *See* 1 *Moore's Federal Practice* §6.06[3][c] (3d ed. 1997)("Ignorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness or laxity."). *See also Pioneer*, 507 U.S. at 392 ("[I]gnorance of the rules . . . does not usually constitute excusable neglect."); *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996)(explaining that failing to read or comprehend applicable rules is an "unaccountable lapse" and not excusable neglect).

As to the second prong of inquiry, whether Anderson's failure to act was excusable, the court balances the factors and finds that the danger of prejudice to LaSalle in allowing the delayed "response" to its motion for summary judgment is great. Anderson's more than two month delay in filing his own summary judgment motion offers him a huge advantage in addressing the dispositive motions - especially considering his six-page Response to LaSalle's motion for summary judgment. The reasons offered for Anderson's delay amount to an inability to use

Black's Law Dictionary, and this is not enough to tip the balance of factors in Anderson's favor.

Though counsel's bewilderment is convincingly genuine and most likely in good faith, that limited understanding of common legal practice cannot meet the two-pronged standard for excusable neglect. LaSalle's Motion to Strike Plaintif's [sic] Counter Motion for Summary Judgment and Supporting Designation of Evidence is **GRANTED**. The Plaintiff's Counter Motion for Summary Judgment [DE 23] and its supporting designation of evidence [DE 24] filed on July 14, 2008, are **STRICKEN**.

_____

For the foregoing reasons, the Motion to Strike Anderson Affidavit [DE 26] filed by LaSalle Steel Company on July 29, 2008, is **GRANTED**; the Motion for Summary Judgment [DE 15] filed by LaSalle Steel on April 30, 2008, is **GRANTED**; the Motion to Strike Plaintif's [sic] Counter Motion for Summary Judgment and Supporting Designation of Evidence [DE 27] filed by LaSalle Steel on July 29, 2008, is **GRANTED**; and the Counter Motion for Summary Judgment [DE 23] and its supporting designation of evidence [DE 24] filed by the plaintiff, Michael Anderson, on July 14, 2008, are **STRICKEN**. The Clerk is **ORDERED** to close this case.

ENTERED this 31st day of March, 2009

> s/ANDREW P. RODOVICH
> United States Magistrate Judge